By the Court, Bronson, J.
No usage or custom can be set up for the purpose of controlling the rules of law; nor is such evidence admissible where it contradicts the agreement of the parties. I should, therefore, feel great difficulty in subscribing to the case of Smith v. Wilson, (3 Barn. & Adol. 728.) The defendant had covenanted to pay 60/. per thousand for all the *439 rabbits in a certain warren; and in an action for the price, he was allowed to prove that the term thousand, as applied to rabbits, meant, in that part of the country, one hundred dozen—or twelve hundred. It is difficult to deny that this was a plain contradiction of the express contract of the parties.
But in the case at bar the usage or custom did not go to vary the contract. It went to explain and ascertain the intention of the parties in relation to a matter upon which the contract was silent. Usage can never be set up in contravention of the contract ; but when there is nothing in the agreement to exclude the inference, the parties are always presumed to contract in reference to the usage or custom which prevails in the particular trade or business to which the contract relates; and the usage is admissible for the purpose of ascertaining with greater certainty what was intended by the parties. The evidence often serves to explain or give the true meaning of some word or phrase of doubtful import, or which may be understood in more than one sense according to the subject matter to which it is applied. Now here, the plaintiff was to be paid for his workmen at the rate of twelve shillings per day; but the parties have not told us by their contract what they meant by a day’s work. It has not been pretended that it necessarily means the labor of twenty-four hours. How much then does it mean 1 Evidence of the Usage or custom was let in to answer that question. And when we find a universal usage in this business to call ten hours’ labor a day’s work, we have arrived at the true meaning of the word day, as used in this contract. The parties intended that the stun of twelve shillings should be paid for every ten hours’ labor.
As this was a “ universal custom” where the defendant lived, the referee was well' warranted in finding that the defendant had notice of its existence.
Judgment affirmed.